**FILED**
**Mar 12, 2026**
**02:20 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Randall Collins, | )    **Docket No. 2024-10-7878** |
|        Employee, | ) |
| v. | ) |
| Allsouth Appliance Group, Inc., | )    **State File No. 33527-2021** |
|        Employer, | ) |
| and | ) |
| Safety National Casualty Corp., | )    **Judge Thomas Wyatt** |
|        Carrier. | ) |

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

On March 11, 2026, the Court considered Randall Collins's request for authorization of a new pain management specialist because the authorized pain specialist has no further treatment to offer. Allsouth countered that Mr. Collins is not entitled to the requested relief because the specialist is still willing to treat him. For the reasons below, the Court denies the requested relief.

### History of the Claim

Mr. Collins injured his right knee at work in April 2021. Allsouth authorized treatment with Dr. Jason Rogers, who performed knee-replacement and revision surgeries. In April 2025, Dr. Rogers referred him to a pain specialist, and Mr. Collins selected Dr. Scott Baker from a panel.

Dr. Baker treated Mr. Collins through October 21, 2025. At the last appointment, Mr. Collins reported a pain level of seven when performing activities and did not complain of side effects from prescribed medications. Dr. Baker determined he was not a candidate for opioids, placed him at maximum medical improvement, and wrote, "No further treatment recommended." However, he did

prescribe a steroid dose pack and an antidepressant, with no refills, and wrote, "return visit request in/on 1 mo. +/- 2 days."

Mr. Collins interpreted Dr. Baker's note as a discharge and returned to Dr. Rogers in April 2025. Dr. Rogers referred him to another pain specialist. Allsouth did not authorize that treatment, arguing that Dr. Baker remains the authorized treating pain specialist.

### Findings of Fact and Conclusions of Law

To recover, Mr. Collins must show that he will likely prevail at a hearing on the merits that Dr. Baker discharged him from treatment. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) permits the treating physician, Dr. Rogers, to make a referral for specialty care. Dr. Rogers made a pain management referral that Allsouth complied with by providing a panel, and Mr. Collins selected Dr. Baker. As for treatment with Dr. Baker, subsection 204(a)(3)(D)(ii) provides,

> In all cases where the treating physician has referred the employee to a [specialist physician, the specialist physician] to which the employee has been referred, or selected from a panel provided by the employer, *shall become the treating physician until treatment by the [specialty physician] concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel*[.]

(Emphasis added).

In *Cook v. Newton Nissan of Gallatin/Newton Ford, LLC*, 2023 TN Wrk. Comp. App. Bd. LEXIS 12, at *21-22 (Feb. 22, 2023), the employee sought care from another pain specialist because the authorized pain specialist testified he could not explain the employee's ongoing pain and had done all he could. The authorized pain specialist offered to refer the employee back to the previous treating physician but also agreed to see the employee again to consider future treatment options. Because of this agreement, the employer argued that the pain specialist continued to be the authorized treating doctor.

The Appeals Board held that the dispositive issue was whether the referral physician was qualified, willing, and able to treat the employee's work injury in a

2

timely manner.  Under the above facts, the Board affirmed the trial court's decision that the employee was entitled to a new panel of pain specialists.

Here, unlike *Cook,* when Dr. Baker last saw Mr. Collins, he prescribed medication and expected a return appointment in 30 days.  This shows that Dr. Baker did not refuse to treat him.  Further, Dr. Baker did not refer Mr. Collins back to Dr. Rogers as required to terminate a referral physician's responsibility to treat an employee.  Finally, the Court does not interpret the statement in the report about no further treatment recommendations as a discharge or refusal to treat, especially since Dr. Baker prescribed medication and a return visit.

The referral statute mandates that Mr. Collins seek treatment for his pain from Dr. Baker if he expects Allsouth to pay for it.  That mandate will stay in place until Dr. Baker refers him back to Dr. Rogers or declines to see him again.  Thus, the Court holds that Mr. Collins has not shown that he will prevail at a hearing on the merits in proving that he has a right to change pain management specialists.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Collins's request for authorization to change pain management physicians is denied.

2. The parties shall appear for a status hearing on **June 23, 2026, at 10:00 a.m. Eastern Time/9:00 a.m. Central Time**.  They must call (615) 741-3061 or (855) 747-1721 to participate.  Failure to call might result in a determination of the issues without the party's participation.

**ENTERED March 12, 2026.**

_Thomas Wyatt_
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Exhibits:
1. Affidavit of Randall D. Collins
2. Referral Order to Dr. Dreskin
3. Dr. Jason Rogers's note of April 8, 2025
4. Pain Management Panel
5. Dr. Scott Baker's note of October 21, 2025
6. November 10, 2025 email from Attorney Baker to Attorney Wagner

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on March 12, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Mike Wagner<br>Employee's Attorney | X | maw@wagnerinjurylaw.com |
| Fredrick R. Baker<br>Employer's Attorney | X | fbaker@wimberlylawson.com<br>bcopeland@wimberlylawson.com |

_____
**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*